USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/03/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 84**

JESSE M. FURMAN, United States District Judge:

**[Regarding the Phase Three Plan for Discovery and Motion Practice]**

Per Order No. 31 (Docket No. 526), October 30, 2015, was the deadline for "substantial[] complet[ion]" of the parties' Phase Two Discovery productions.[1] That Order contemplated a Phase Three Discovery Plan, which would "be the subject of a separate order to be issued in the future." *Id.* ¶ 8. Upon review of the parties' proposed orders for Phase Three Discovery and letters in support thereof (Docket Nos. 1515-16), it is hereby ORDERED, ADJUDGED, AND DECREED that discovery in Phase Three and motion practice shall proceed as follows.

1.  *Scope of Phase Three Document Discovery*. Unless and until the Court orders otherwise, the scope of Phase Three Discovery shall be limited to: (a) Plaintiffs' alleged economic loss damages claimed in the Second Amended Consolidated Complaint (Docket No. 1139) ("SACC"); (b) continuing the meet and confer process and completion of the production of documents and information in response to Plaintiffs' existing document requests relating to New GM's Customer Assistance Center (CAC), Technical Assistance Center (TAC), and Global Warranty Claims Management databases, related to Phase One and Phase Two Recalls; and (c) discovery, including depositions, of the named Plaintiffs in the SACC who purchased or leased vehicles manufactured and sold by New GM. In addition, the parties shall meet and confer with

---

[1] Unless otherwise noted, all docket numbers cited herein refer to the main MDL docket, 14-MD-2543.

respect to whether or to what extent Phase Three should include discovery about New GM's Certified Pre-Owned ("CPO") program and shall submit a joint letter or competing letters on that subject no later than **November 16, 2015**.

2. *Depositions of GM Witnesses*. Plaintiffs may depose in Phase Three GM witnesses[2] with knowledge of the issues identified in Paragraph 2, *supra*, but only if those individuals were not previously deposed in the MDL, unless the Parties agree otherwise or the Court orders otherwise upon a showing of good cause. (*See* Order Nos. 36 ¶ 3 and 25 ¶ 43; Docket Nos. 422, 604.) By agreement of the parties or by the Court's order for good cause shown, Plaintiffs may also take additional depositions of GM witnesses with knowledge of NHTSA Recall No. 14-V-047, Phase One Recalls, or Phase Two Recalls (*see* Order Nos. 12, 20, and 31; Docket Nos. 296, 383, and 526), consistent with the Court's previous orders setting forth the general rule that "a witness may be deposed only once in either the MDL Proceeding or any Coordinated Action unless otherwise agreed to by the parties in writing or authorized by an order of the MDL Court upon a showing of good cause by the party seeking the additional deposition." (*See, e.g.*, Order No. 36 ¶ 3.)

3. *Depositions of New GM Named Plaintiffs and Discovery With Respect to New GM Putative Class Members*. During Phase Three, New GM shall take discovery, including depositions, of named plaintiffs alleged in the SACC who purchased or leased cars manufactured and sold by New GM. In addition, the parties shall meet and confer regarding the appropriateness of discovery with respect to putative class members and, if appropriate, a protocol with respect to such discovery, and submit an agreed upon order for the Court's consideration within fourteen (14) days of the Bankruptcy Court's ruling on the matters that are the subject of the Bankruptcy Court's

---

[2]   For purposes of this Order, a "GM witness" is a witness who is a present or former employee, contractor, or officer of General Motors Company, General Motors LLC, General Motors Corporation, or their subsidiaries and affiliates. "GM witness" does not include Category 2 Witnesses from Order No. 43. (*See* Docket No. 744.)

September 3, 2015 Scheduling Order. If the parties are unable to reach an agreement, Lead Counsel and counsel for the Defendants shall each submit by that same date a letter brief (not to exceed five single-spaced pages) setting forth their respective positions (with respect to not only the proposed protocols, but also why such discovery is appropriate at this time) and attaching their proposals, as well as a redline showing the differences between the competing proposals.

4. *Deposition Scheduling*. The parties should meet and confer regarding depositions sought by Plaintiffs and depositions sought by New GM in an attempt to reach an agreement regarding a reasonable and coordinated deposition schedule, in order to ensure that each witness is deposed only once as required by Order No. 25, ¶ 43. (*See also* Order No. 15 ¶ 22, Docket No. 315). If the parties cannot reach agreement, any remaining disputes will be decided by the Court.

5. *Motion Practice*. Heretofore, the Court has ruled that motion practice relating to claims and allegations in the SACC should be deferred "at least until after the question of whether the SACC is consistent with the Bankruptcy Court's judgment of June 1, 2015, is resolved." (Docket No. 1184; *see also* Order No. 83, Section IX, Docket No. 1512). Upon reflection, however, the Court agrees with New GM that, *to the extent there are claims or allegations in the SACC that are **not** (1) implicated by the Bankruptcy Court's June 1, 2015 Judgment that is the subject of the pending Second Circuit appeal; or (2) at issue in the ongoing proceedings in the Bankruptcy Court, as ordered by Judge Gerber pursuant to the September 3, 2015 Scheduling Order, relating to whether certain claims and allegations in the SACC violate the Judgment*, motion practice can and should proceed now. For one thing, proceeding now would minimize the impact of the delays caused by the Bankruptcy Court proceedings and Second Circuit appeal, enabling the Court to resolve whatever it can while those proceedings are ongoing. For another, although the Court is generally averse to piecemeal motion practice, given the length and nature of the SACC, the Court is inclined to think — for the sake of both the parties and the Court — that proceeding in

"stages" or "buckets" is more advisable that proceeding with a single, omnibus motion. Accordingly, the parties shall meet and confer to attempt to reach agreement on (1) what, if any, claims and allegations in the SACC meet the conditions set forth above (or as to which motion practice now would otherwise be appropriate); and (2) the procedures (timing, length of briefs, etc.) for motion practice as to such claims and allegations, and should submit an agreed upon order for the Court's consideration by **Monday, November 16, 2015**.  If the parties are unable to reach an agreement, Lead Counsel and counsel for the Defendants shall each submit a letter brief (not to exceed five single-spaced pages) by that same date setting forth their respective positions and attaching their proposals, as well as a redline showing the differences between the competing proposals; counsel should also be prepared to address the issue at the status conference to be held on November 20, 2015.  Motion practice contemplated under this paragraph will not preclude New GM from conducting additional motion practice related to allegations and claims in the SACC following any ruling by the Bankruptcy Court.

  6. *Discovery with Respect to Additional Defects.*  The Court will defer ruling on whether Plaintiffs may conduct discovery into additional alleged defects[3] at least until after the parties submit their proposals for initial SACC motion practice as described in Paragraph 5, above, and perhaps until the Court rules on any such motion.  To that end, the parties shall include in their proposed SACC motion practice submission(s) an indication of how, if at all, the suggested motion practice would implicate any discovery into additional alleged defects.

---

[3] The additional defects are: Front Passenger Airbag Defect (SACC ¶¶ 653-54), Power Height Adjustable Seats Defect (SACC ¶¶ 681-84), Light Control Modules Defect (SACC ¶¶ 821-27), Hydraulic Brake Boost Assist Defect (SACC ¶¶ 712-13), Seat Hook Weld Defect (SACC  ¶¶ 838-39), Brake Booster Pump Defect (SACC ¶¶ 705-11), Driver Side Airbag Shorting Bar Defect (SACC ¶¶ 622-27), and Roof Rail Airbag Defect (SACC ¶¶ 633-38).

7. *Timing*. Phase Three Discovery shall begin immediately. The Court will later set a date for substantial completion of Phase Three Discovery after the scope of document discovery into the Phase Three Defects is determined. The parties are directed to meet and confer and propose, by **December 1, 2015**, a date for the completion of Phase Three Discovery consistent with the Court's desire to maintain "a reasonable, but aggressive" schedule.

8. *Phase Four Discovery Plan*. The Court and the parties contemplate that a Phase Four Discovery Plan will be implemented that will be limited to any remaining discovery needed to address dispositive motion practice, and if necessary, class certification issues and experts related to Plaintiffs' economic loss claims. Phase Four will constitute the final phase of discovery prior to a trial, if any, of economic loss claims (except that, to the extent not inconsistent with the Court's previous orders, an additional phase may later be established to accommodate discovery in individual, underlying cases if such cases are not dismissed as a part of motion practice). The parties are directed to submit a proposed Phase Four Discovery Plan no later than thirty (30) days prior to the close of Phase Three Discovery.

SO ORDERED.

Dated: November 3, 2015
      New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge