UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

-------------------------------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: **11/15/2017**____

14-MD-2543 (JMF)
14-MC-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

**[Regarding Plaintiffs' Motion for Leave to Amend the Fourth Amended Consolidated Complaint and New GM's Partial Cross-Motion to Dismiss and/or Strike Plaintiffs' Proposed Fifth Amended Consolidated Complaint]**

In this multidistrict litigation ("MDL"), familiarity with which is presumed, Plaintiffs bring economic-loss claims against Defendant General Motors LLC ("New GM") on behalf of a broad putative class of General Motors car owners and lessors whose vehicles were subject to recalls beginning in February 2014. In prior opinions addressing partial motions to dismiss filed by New GM, the Court ruled on the viability of Plaintiffs' independent claims under federal law and the law of sixteen jurisdictions. *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2017 WL 2839154, at *2 (S.D.N.Y. June 30, 2017), *as amended on reconsideration by* No. 14-MC-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2016 WL 3920353, at *3 (S.D.N.Y. July 15, 2016); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2017 WL 3382071 (S.D.N.Y. Aug. 3, 2017) (ruling on New GM's partial motion for summary judgment with respect to Plaintiffs' successor liability claims). Following the Court's most recent decision, Plaintiffs filed a motion for leave to amend the currently operative Fourth Amended Consolidated Complaint ("FACC"). (Docket No. 4522). In their Proposed Fifth Amended Consolidated Complaint ("PFACC"), Plaintiffs seek to (1) add seven new named

1

Plaintiffs and proposed class representatives; (2) remove twenty-four named Plaintiffs previously dismissed for failure to complete discovery; and (3) remove nine named Plaintiffs who have provided written consent to dismiss their claims. (Docket No. 4522 ("Pls' Mem."), at 4). New GM opposes the motion, and has also filed a cross-motion to dismiss or strike certain claims in the PFACC. (Docket No. 4704).

Upon review of the parties' submissions (Docket Nos. 4522, 4680, 4704, 4767, 4775), the Court grants Plaintiffs' motion for leave to amend. In general, when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests. *See In re Nat'l Austl. Bank Sec. Litig.*, No. 03-CV-6537 (BSJ), 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) ("[C]ourts not only may, but *should*, 'respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.'" (quoting *In re Thornburgh,* 869 F.2d 1503, 1509 (D.C. Cir. 1989)); *see also In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95 (WHP), 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005) (finding that when a "class representative become inadequate, substitution of an adequate representative is appropriate to protect the interests of the class"); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.26 (Fed. Judicial Ctr. 2004) ("Later replacement of a class representative may become necessary if, for example, the representative's individual claim has been mooted or otherwise significantly altered."). Here, housekeeping aside, that is the reason for Plaintiffs' proposed amendments. Each new Plaintiff that they seek to add fills a gap in class representation due to (in Plaintiffs' words) "natural attrition" or "death by legal sword." (Pls' Mem. 8; *see id.* 5-6; Docket No. 4522, Ex. B ("PFACC Redline"), at ¶¶ 23-43, 109-22, 231-45, 248-49, 254-59).

New GM contends that leave to amend should nonetheless be denied because Plaintiffs were not sufficiently diligent in proposing the new representatives and because amendment would be prejudicial.  (Docket No. 4775 ("GM Reply"), at 2-3).[1]  With respect to the former argument, the Court did previously state that whether Plaintiffs should be permitted to amend might turn on "who knew what and when."  (GM Reply 2 (quoting August 11, 2017 Hr'g Tr. at 18)).  Upon reflection, however, what Plaintiffs had to "know" was not only that there were new potential Plaintiffs, but also that there was need to fill a class representative gap; from that standpoint, the Court is not prepared to say that Plaintiffs were insufficiently diligent to establish "good cause" within the meaning of Rule 16(b)(4) of the Federal Rules of Civil Procedure.  *See, e.,g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("'[G]ood cause' depends on the diligence of the moving party.").[2]  With respect to the latter argument, New GM fails to establish that it would be prejudiced by allowing amendment.  Among other things, because discovery is currently limited to three "bellwether" states (California, Missouri, and

---

[1]    GM argues that Plaintiffs' proposed amendment is independently precluded by Order No. 50, which granted leave to file an earlier version of the consolidated class action complaint and provided that "it shall be presumed that no further amendment will be permitted, except upon good cause shown as to factual matters and claims that are thereafter revealed by discovery or alleged for the first time in cases that are transferred to or filed in the MDL."  (Docket No. 875 ("Order No. 50") ¶ 4; *see* Docket No. 4680 ("GM Opp."), at 1).  Putting aside the fact that Order No. 50 created only a "presum[ption]" (a fact that New GM conspicuously leaves out), the Court plainly has discretion to ensure that the limits set forth in its prior Order "do not result in prejudice or hardship" to Plaintiffs and members of the putative classes at issue.  *Kassner v. 2d Avenue Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007).

[2]    Admittedly, the arguable need for new Plaintiffs from California, Maryland, and Virginia was known before Plaintiffs filed the FACC, as those states were the subject of the Court's first motion-to-dismiss ruling in 2016.  (*See* Docket No. 3356).  But only one of the seven newly proposed Plaintiffs contacted Lead Counsel before the FACC was filed — and just two days before, at that.  (*See* Docket No. 4767 ("Pls' Reply"), at 2 n.3).  And in any event, it would be perverse to require Lead Counsel to seek leave to amend any time the need for a new Plaintiff arises, as it "would simply burden the Court and the parties with redundant, virtually identical motions."  *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198-99 (S.D.N.Y. 2014).

Texas), granting Plaintiffs' motion would require New GM to take no more than two additional depositions by December 15, 2017.  (*See* Docket No. 4499, at ¶ 5; Pls' Reply 3).  New GM argues that adding seven new Plaintiffs would also require it "to engage in further unnecessary motion practice on meritless claims."  (*See* GM Opp. 5-6; GM Reply 1, 4-5).  But expending "time, effort and money" to litigate a matter, without more, does not constitute prejudice. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).  And whether the claims have merit is not a question for this stage, except insofar as adding such claims would be "futile."  *See, e.g.*, *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

That leaves the question of futility, which New GM raises as a basis of both its opposition to Plaintiffs' motion for leave to amend and its cross-motion to dismiss or strike.  (*See* GM Opp. 7-10; GM Reply 4-5).  Significantly, only two of New GM's arguments are truly contested: first, that five of the seven new Plaintiffs fail to plead sufficient "contact with or connection to" New GM (GM Opp. 9), or "any actionable conduct" by New GM (GM Reply 1), to support independent claims against New GM; and, second, that a July 2017 ruling by the Bankruptcy Court, *see In re Motors Liquidation Co.*, 571 B.R. 565, 575 (Bankr. S.D.N.Y. 2017), bars used car purchasers of non-Delta-Ignition-Switch-Defect Old GM vehicles, including five of the new Plaintiffs, from bringing claims against New GM based on Old GM conduct.  (GM Opp. 8).[3]  The Court defers both arguments to another day, however.  The Court declines to consider

---

[3]    There is not much daylight between the two sides with respect to New GM's other argument, which concerns Plaintiffs' repleading of claims that the Court previously dismissed and pleading of claims on behalf of new Plaintiffs that the Court previously found "unviable for similarly situated plaintiffs."  (Pls' Reply 7 & n.19; *see* GM Opp. 11-13; GM Reply 5-6). Plaintiffs acknowledge that they include these claims only "for purposes of appeal" and do not seek "to relitigate" them.  (Pls' Reply 8; *see also, e.g.*, Docket No. 4522, Ex. A ("PFACC"), at 1 n.1, 20 n.10).  Accordingly, those claims are (or remain) dismissed.  *See In re Gen. Motors*, 2017 WL 2839154 at *5 n.3 (dismissing previously dismissed claims under similar circumstances).

the first argument because it is inadequately briefed: New GM devotes little more than a few stray sentences to it, and cites no authority (other than the 2016 Second Circuit decision on the Sale Order, which is cited as background for the definition of "independent claims") in support of the argument. *See also In re Gen. Motors*, 2017 WL 2839154 at *40-45 (finding that at least some of the claims of similarly situated plaintiffs — who had purchased used Old GM vehicles after the Sales Order from private, non-GM sellers and alleged only minimal contact with New GM — were sufficient to survive New GM's motion to dismiss). The Court declines to consider the second argument because the Bankruptcy Court's ruling is the subject of pending appeals to this Court. There is little point in addressing the argument until the appeals are resolved.

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to amend the FACC and DENIES New GM's motion to dismiss and/or strike, except to the extent that it concerns claims that the Court previously dismissed and claims on behalf of new Plaintiffs that the Court previously found unviable for similarly situated Plaintiffs.[4]

The Clerk of Court is directed to terminate Docket Nos. 4522 and 4704.

SO ORDERED.

Date:    November 15, 2017
         New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[4]    New GM asks the Court to "make this the last amended consolidated complaint" in the event that Plaintiffs are granted leave to amend. (GM Opp. 13 n.15 (internal quotation marks omitted)). Given the size and complexity of this litigation, the Court believes that such a categorical pronouncement would be inadvisable. It suffices to say that, as time goes on, it will be more and more difficult for Plaintiffs to make the requisite showing of good cause to amend.